Louis Packler, on Behalf of Himself and All Other Retired Persons Subject to the State Employes' Retirement Code of 1959 as Subsequently Amended, Who were Members of the Pennsylvania National Guard Prior to September 17, 1940, Plaintiff, *v.* State Employes' Retirement Board of the Commonwealth of Pennsylvania, Defendant.

Argued June 4, 1974, before President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

*Patrick H. Mahady,* with him *Mahady & Mahady,* for plaintiff.

*Raymond Kleiman,* Deputy Attorney General, with him *Israel Packel,* Attorney General, for defendant.

OPINION BY JUDGE MENCER, September 5, 1974:

This case is presently before us for a ruling on the preliminary objections filed by the State Employes' Retirement Board (Board) to a complaint in mandamus filed by Louis Packler on behalf of himself and others who have retired from state employment pursuant to the State Employes' Retirement Code of 1959 (Code)[1] and who were members of the Pennsylvania National Guard prior to September 17, 1940.

Packler's complaint alleges that he was employed by the Pennsylvania State Police from 1936 until his retirement in 1973. He also states that, prior to his employment with the State Police, he served four years with the Pennsylvania National Guard. The Board, in calculating Packler's years of service for retirement annuity purposes, failed to include his four years of service with the National Guard. Packler's complaint in mandamus seeks to compel the Board to include these four years in its computation.

The preliminary objections filed by the Board include, *inter alia,* a demurrer to Packler's mandamus action. Since our review of this case convinces us that the relief requested by Packler is not obtainable through an action in mandamus, we must sustain the Board's preliminary objections.

---

[1] Act of June 1, 1959, P. L. 392, *as amended,* 71 P.S. §1725-101 et seq.

The writ of mandamus has a very narrow use and is available only "to compel the performance of a ministerial act or mandatory duty where there is a clear legal right in the plaintiff, a corresponding duty in the defendant, and a want of any other appropriate and adequate remedy." *Philadelphia Presbytery Homes, Inc. v. Abington Board of Commissioners,* 440 Pa. 299, 303, 269 A. 2d 871, 873 (1970). In order to succeed in a mandamus action, the complainant must show an immediate and complete legal right to the relief demanded and, where there is doubt as to the existence of such right, the remedy is not available. *Board of Supervisors of North Coventry Township v. Silver Fox Corporation,* 10 Pa. Commonwealth Ct. 646, 312 A. 2d 833 (1973).

Packler's claim in this case is based on Subsections (1) and (2) of Section 204 of the Code.[2] These provisions read in pertinent part as follows:

"(1) In computing the length of service of a contributor for retirement purposes, a year of service shall mean a period of twelve (12) months during which a contributor is a *State employe* and for which he receives an annual salary or other compensation. . . .

"(2) Any person who became a member of the Pennsylvania Motor Police subsequent to January 1, 1938, or *a member of the Pennsylvania State Police subsequent to June 1, 1943,* and who shall have been at any time theretofore in the employ of the Commonwealth shall receive credit for any such service prior to January 1, 1938, or prior to June 1, 1943, as the case may be, upon complying with the provisions of article III, section 302." (Emphasis added.)

Unfortunately for Packler, our reading of Subsection (2) in the light of the averments in his com-

---

[2] Act of June 1, 1959, P. L. 392, *as amended,* 71 P.S. §1725-204 (1) and (2).

plaint discloses that this provision gives him no legal right to have his service with the National Guard included in his retirement computation. The fatal flaw in his claim is the fact that he alleges having become a member of the State Police in *1936*. He can, therefore, receive no rights from Subsection (2) which only applies to persons who became members of the State Police *subsequent* to June 1, 1943 or who became members of the Pennsylvania Motor Police subsequent to June 1, 1938.

In conclusion, since Packler has failed to demonstrate that he has any legal right at all to the relief requested, his complaint in mandamus must fall prey to the Board's demurrer.

We therefore issue the following

ORDER

AND NOW, this 5th day of September, 1974, the preliminary objections of the State Employes' Retirement Board are sustained and the complaint of Louis Packler is dismissed.