## Coladonato v. Southern Columbia Area School Board

*John A. Mihalik,* for plaintiffs.
*John Younkin,* of *Leavens & Younkin,* for defendants.

MYERS, *P.J.,* September 8, 1977 — The matter is before the court upon a stipulated set of facts. The issue is whether plaintiffs are entitled to peremptory judgment under Pa.R.C.P. 1098.

According to the fact stipulation entered into by counsel for the parties, plaintiffs' two minor children attend school in the Southern Columbia Area School District. They are transported by bus. To reach their bus stop, the children walk 0.9 of a mile along Cleveland Township Route 336 in Columbia County.

According to the Public School Code of March 10, 1949, P.L. 30, as amended, 24 P.S. §13-1362, free bus transportation must be furnished to students if ". . . walking on the shoulder of the road where there are no sidewalks constitutes a hazard to the safety of the child, as so certified by the Bureau of Traffic Safety."

At plaintiffs request, defendants asked the Pennsylvania Bureau of Traffic Safety to determine whether Route 336 was hazardous. Subsequently, a representative from the bureau inspected the road in question, and concluded that it was in fact hazardous.

Defendants then asked the bureau to reconsider its determination. Again, however, the bureau concluded that the road was hazardous. In support of its position, the bureau pointed out in a letter to defendants' solicitor that the road has no shoulders or berm; that it is therefore necessary for the children to walk on the travelled portion of the road; and that the children in question are of a young age.

Nonetheless, defendants have refused to provide bus service. Plaintiffs accordingly brought the instant action in mandamus, in an attempt to compel defendants to comply with section 13-1362 of the Public School Code.

Defendants assert that they need not provide bus transportation until this court, rather than the Bureau of Traffic Safety, conducts a hearing and concludes that the road in question is hazardous. We do not agree with defendants' proposition.

In our view, section 13-1362 of the code clearly requires defendants to bus the children, since the bureau has certified that the road is hazardous. If defendants are dissatisfied with the bureau's determination, they may file a petition for review and seek a hearing before the Commonwealth Court. See Pa.R.A.P. 1501 et seq.

Defendants assert that the bureau's determination was not an adjudication within the meaning of the Administrative Agency Law of June 4, 1945, P.L. 1388, 71 P.S. §1710.1 et seq. We agree, since the bureau did not make findings of fact, or conduct a hearing, or otherwise comply with the "adjudication" requirements of the Administrative Agency Law.

Nonetheless, even if the bureau's determination was not an "adjudication," it was still "action or inaction" by a governmental unit. As such, the de-

termination is subject to judicial review directly by the Commonwealth Court: Pa.R.A.P. 102, 1501.

Whether the road is or is not hazardous is a dispute between defendants and the bureau. Jurisdiction over this type of matter rests with Commonwealth Court, not with this court.

We do, however, have jurisdiction over the instant dispute, in which plaintiffs are attempting to compel defendants to perform the duty imposed on them by section 13-1362. Under the circumstances, we believe that mandamus relief is appropriate.

Mandamus lies only when the following elements are present: (1) plaintiff has a clear legal right; (2) defendant has a corresponding duty; and (3) there is no other adequate or appropriate remedy: Francis v. Corleto, 418 Pa. 417, 211 A. 2d 503 (1965); Packler v. State Employes' Retirement Board, 15 Pa. Commonwealth Ct. 143, 325 A. 2d 335 (1974). In particular, mandamus provides an appropriate remedy whenever a statute imposes a particular duty upon some person, but provides no specific remedy for nonperformance: Douglas v. McKean, 25 Pa. Superior Ct. 9 (1904); Packler, supra.

We conclude that the three elements are present in this case, and that plaintiffs should prevail in this action.

Accordingly, plaintiffs are entitled to peremptory judgment under Rule 1098. Pending the outcome of any appeal to the Commonwealth Court, defendants must comply with 24 P.S. §13-1362, and the children must be afforded bus transportation.

## ORDER

And now, September 8, 1977, upon consideration of the facts stipulated by counsel for the respective parties hereto, we direct that peremptory judgment

be entered in favor of plaintiffs and against defendants, and accordingly, defendants are hereby ordered to forthwith provide bus transportaton for plaintiffs' children from a point at or near plaintiffs' residence to school, and return.

Exception noted.