Louis Packler, on behalf of himself and all other retired persons subject to the State Employes' Retirement Code of 1959 as subsequently amended, who were members of the Pennsylvania National Guard prior to September 17, 1940, Plaintiff v. Commonwealth of Pennsylvania, The State Employes' Retirement Board, Defendant.

Argued December 6, 1977, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., ROGERS, BLATT and DISALLE.

*Patrick H. Mahady,* with him *Henry .J. Mahady, Robert H. Slone,* and *Mahady & Mahady,* for plaintiff.

*Raymond Kleiman,* Deputy Attorney General, with him *Robert P. Kane,* Attorney General, for defendant.

OPINION BY JUDGE DISALLE, February 2, 1978:

Louis Packler (Packler), was a member of the Pennsylvania State Police from 1936 until his retirement in 1973. Packler, prior to commencing his service with the State Police, served four years with the Pennsylvania National Guard. The State Employes' Retirement Board (Board) in calculating Packler's years of service for retirement annuity purposes, did not include his four years of service with the National Guard. Packler filed a complaint in this Court seeking a writ of mandamus to compel the Board to include these four years in its computation. The Board filed preliminary objections to the complaint, including a demurrer. Packler then filed an answer to the preliminary objections.

This Court sustained the Board's demurrer to the complaint, *Packler v. State Employes' Retirement*

*Board,* 15 Pa. Commonwealth Ct. 143, 325 A.2d 335 (1974). In so doing, we ruled that the action for mandamus did not lie since Packler had no clear legal right to have his service with the National Guard included under subsections (1) and (2) of Section 204 of State Employes' Retirement Code of 1959 (Code), Act of June 1, 1959, P.L. 392, *as amended,* 71 P.S. §1725-204 (1) and (2). Packler then appealed to the Pennsylvania Supreme Court.

The Supreme Court agreed with our ruling with respect to Section 204 (2) of the Code. However, it held that our dismissal of the complaint without consideration of Packler's rights under other Code provisions was improper and therefore remanded the proceedings. *Packler v. State Employes' Retirement Board,* 470 Pa. 368, 368 A.2d 673 (1977). The Supreme Court succinctly stated at page 371:

> Although we agree, as does appellant, with the Commonwealth Court's conclusion that Subsection (2) would not entitle the appellant to the relief sought, we must vacate the Commonwealth Court's order and remand to that Court for a determination of the appellant's rights under Subsection (1) and the definition of 'State Employee' under 71 P.S. §1725-102 (6), and other relevant Code provisions. Since a preliminary objection in the nature of a demurrer should not be granted if the allegations of the complaint state a cause of action under any theory of law, it was improper to sustain the demurrer in regard to Section 204 (2) without considering the appellant's rights under other Code provisions. See Lerman v. Rudolph, 413 Pa. 555, 198 A.2d 532 (1964).

> Other issues are raised in this appeal including the impropriety of a class action, lack

of standing and failure to exhaust administrative remedies. Since these issues were not considered by the Commonwealth Court, we do not now reach the merits of these issues.

Following remand to this Court, the Board contends that Packler's complaint must be dismissed because of Packler's failure to exhaust or utilize his administrative remedies. After a careful analysis of the pleadings and the applicable law, we conclude that the Board's argument is correct.

It is a well accepted proposition that an action in mandamus will not lie where other appropriate and adequate remedies are available. *Philadelphia Presbytery Homes, Inc. v. Abington Board of Commissioners*, 440 Pa. 299, 303, 269 A.2d 871, 873 (1970). Section 51 of the Administrative Agency Law (Law), Act of June 4, 1945, P.L. 1388, *as amended*, 71 P.S. §1710.51 (46), specifically provides that the Board's actions are subject to the provisions of that statute. It follows that the procedures set forth therein for seeking and subsequently challenging action by the Board must be pursued.

The Statutory Construction Act of 1972, 1 Pa. C.S. §1504, provides:

In all cases where a remedy is provided or a duty is enjoined or anything is directed to be done by any statute, *the directions of the statute shall be strictly pursued*, and no penalty shall be inflicted, or anything done agreeably to the common law, in such cases, further than shall be necessary for carrying such statute into effect. (Emphasis added.)

Our Supreme Court has clearly espoused the principle that when a statutorily created remedy exists it must be utilized, and it is the exclusive remedy. *Friestad v. Travelers Indemnity Co.*, 452 Pa. 417, 425,

306 A.2d 295, 299 (1973). This well established and statutorily mandated administrative hearing and appeal process affords an adequate statutory remedy to Packler. Although Packler suggests in his brief that he attempted to invoke agency procedures, his complaint does not allege this and the record is devoid of any indication that this occurred.

The existence of a specific and adequate statutory remedy available to determine the merits of Packler's claim prevents us from entertaining this action in mandamus, and the same will be dismissed.

ORDER ·

AND Now, this 2nd day of February, 1978, the Preliminary Objections filed by the State Employes' Retirement Board are sustained and the complaint of Louis Packler is dismissed.