## Karpe v. Blum

*Maxwell H. Cohen,* for plaintiff.
*Ronald J. Mishkin,* for defendants.

WILLIAMS, *S.J.,* July 20, 1979—Plaintiff has filed a complaint in mandamus seeking to compel defendants, Supervisors of Jackson Township, to restore access to the entrance to Public Highway, Route 715, by removing seeding and sodding of portion of the entrance. The complaint alleges:

(1) That plaintiff is the owner of a tract of land improved with "Trout Lake," situate in the aforesaid Jackson Township, which he acquired by deed dated January 18, 1952.

(2) That his property borders a property owned by Robert Danker, which he (Danker) acquired by deed dated April 15, 1936.

(3) That the roadbed of old State Highway, Route 715, runs through part of Danker's property and part of plaintiff's property.

(4) That the roadbed of the old location of State Highway 715 was never formally vacated by the State Highway Department and that the duty to maintain the old roadbed devolved upon the local government of Jackson Township by operation of law.

(5) That the township is required by law to maintain the old roadbed and to keep it open and dedicated for public use.

(6) That access to plaintiff's property was at all times through the use of the old highway, the entrance being on the property of Robert Danker.

(7) That even though the old highway has not been vacated, Robert Danker has closed the entrance to the old highway to the public and plaintiff by seeding and sodding part of the roadway, as a result of which plaintiff has no access to his property through the use of this road.

(8) That on October 12, 1975, plaintiff made a formal demand on Robert A. Danker to reopen an access to this road on behalf of the public; however, this request was refused.

(9) That plaintiff has requested defendant supervisors to reopen an access to the road on behalf of the public, which was refused.

Defendants have filed preliminary objections to the amended complaint in the nature of a demurrer on these grounds:

(a) It does not state a cause of action in mandamus for which effective relief can legally be granted.

(b) The complaint violates Pa.R.C.P. 1095, in that it fails to allege the act or duty defendants are required to perform, and a refusal to perform that act.

The preliminary objections seek a more specific pleading to require plaintiff to set forth with particularity the time period when the Pennsylvania State Highway constructed the new roadbed, which allegedly gave rise to the devolution of the duty upon the Jackson Township Supervisors to maintain the road.

Also a preliminary objection in the nature of a petition raising the non-joinder of a necessary party and the non-joinder of an indispensable party, as follows: (a) The Commonwealth is an indispensable party defendant; (b) Robert A. Danker is a necessary party defendant.

## DISCUSSION

### DEMURRER

Since plaintiff has proceeded in mandamus it should be noted that mandamus lies only when the following elements are present: "(1) plaintiff has a clear legal right; (2) defendant has a corresponding

duty; and (3) there is no other adequate remedy: Francis v. Corleto, 418 Pa. 417, 211 A. 2d 503 (1965); Packler v. State Employes' Retirement Board, 15 Pa. Commonwealth Ct. 143, 325 A. 2d 335 (1974). In particular, mandamus provides an appropriate remedy when a statute imposes particular duty upon some person, but provides no specific remedy for nonperformance: Douglas v. McLean, 25 Pa. Superior Ct. 9 (1904); Packler, supra." Coladonato v. Southern Columbia Area School Board, 5 D. & C. 3d 101, 104 (1977).

Applying these standards to the complaint before us we note that it fails to allege any facts which show a clear right to the relief he seeks. Neither does it show a clear duty imposed on defendants to grant plaintiff the relief he seeks. The complaint recites no statute which requires defendant township to keep open and maintain the subject road. It asserts the road was originally a state highway and has not been vacated. It does not allege that the state has taken the statutory steps necessary to abandon the road. It merely states a conclusion of law: "the defendants are required by law to maintain the old roadbed and to keep it open and dedicated for public use." This language falls short of the requirement that to succeed in mandamus plaintiff must show a clear statutory right to the relief he seeks and a corresponding duty on the part of defendants to grant him that relief.

In his written brief, plaintiff argues that the state has abandoned the old roadbed as a public highway and under the provisions of the Act of June 1, 1945, P.L. 1242, art. II, sec. 214, 36 P.S. §670-214, the Township of Jackson has the duty to keep open and maintain the road. The act provides:

"Where any section of a State Highway route shall be, or has been relocated, the portion of the public road or highway, thus abandoned as a State highway route, shall be maintained by, and at the expense of the township, borough, incorporated town or city wherein it is located, but the department shall in each case, before abandoning such portion of public road or highway, improve and repair the same so that it shall be in first class condition when it is taken over by the township, borough, incorporated town or city."

Thus, while section 670-210, 36 P.S. §670-210, of the statute gives the Secretary of Highways the authority in his discretion to abandon the old roadbed, section 670-214 requires the state to first improve and repair the highway and place it in a first class condition when it is taken over by the township. The complaint is clearly insufficient to support a finding that the state has complied with its statutory duty to place the old roadbed in a first class condition. The township has no duty to maintain or open and improve the old roadbed in the absence of proof by plaintiff that the condition precedent to acquiring such a duty has been fulfilled by the state.

Plaintiff argues that there was a "de facto" abandonment by the state. This argument must fall on two counts: First, the complaint does not so allege and more importantly there is no such thing as a "de facto" abandonment of a state highway. It is a principle of law that where a statute stipulates a procedure that such a procedure must be strictly pursued and exclusively applied: Barth v. Gorson, 383 Pa. 611, 614, 119 A. 2d 309 (1956).

## MOTION FOR MORE SPECIFIC STATEMENT

Defendant seeks a more specific complaint requiring plaintiff to state the time period with particularity when the state constructed the new roadbed. Since we do not believe that the duty of a township to maintain the subject road may arise because of the mere lapse of time, we will overrule this objection.

## DEFENSE OF NONJOINDER OF PARTIES

Defendant asserts that the Commonwealth is an indispensable party to this action. Since the Commonwealth has the statutory duty to place the road in a first class condition prior to abandoning it, if defendant files an amended complaint alleging an abandonment, we agree that the Commonwealth is an indispensable party to the proceeding in order that it be given due process to show it has complied with its statutory duties under 36 P.S. §670-214.

Defendants aver that Robert A. Danker is a necessary party to the suit. If abandonment is alleged in an amended complaint, we agree that Robert A. Danker, who is alleged to have obstructed a public highway should be a party to the suit both because of judicial economy in rendering unnecessary a second suit against him demanding he remove such obstruction and to grant him due process to protect any rights he may assert in the old roadbed.

## ORDER

And now, July 20, 1979, defendants' preliminary objections 1 and 2 are sustained and demurrer granted. Defendants' preliminary objection 3 is de-

nied. Defendants' preliminary objections 4(a), (b), (c) and (d) are sustained. Plaintiff is given 20 days from date of receipt of filing of this opinion to file an amended complaint.