408 A.2d 1091

Louis PACKLER, on behalf of himself and all other retired persons subject to the State Employes' Retirement Code of 1959 as subsequently amended, who were members of the Pennsylvania National Guard prior to September 17, 1940, Appellant,

v.

The STATE EMPLOYES' RETIREMENT BOARD of the Commonwealth of Pennsylvania.

Supreme Court of Pennsylvania.

Argued Sept. 25, 1979.

Decided Dec. 21, 1979.

Patrick H. Mahady, Mahady & Mahady, Greensburg, for appellant.

Raymond Kleiman, Deputy Atty. Gen., Harrisburg, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO, LARSEN and FLAHERTY, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

This appeal is from an order of the Commonwealth Court sustaining preliminary objections of appellee, The State Employes' Retirement Board of the Commonwealth of Pennsylvania, and dismissing a complaint in mandamus filed by appellant, Louis Packler.

Appellant was a member of the Pennsylvania State Police from 1936 until his retirement in 1973. Prior to 1936,

appellant had served four years with the Pennsylvania National Guard. In computing appellant's years of service for retirement purposes, the Retirement Board did not include appellant's four years of service with the Pennsylvania National Guard. Appellant filed a complaint in Commonwealth Court seeking a writ of mandamus to compel the Retirement Board to include those four years in calculating his years of service. Appellant based his claim on § 204 of the State Employes' Retirement Code of 1959,[1] which provides:

"(1) In computing the length of service of a contributor for retirement purposes, a year of service shall mean a period of twelve (12) months during which a contributor is a State employe and for which he receives an annual salary or other compensation. . . .

"(2) Any person who became a member of the Pennsylvania Motor Police subsequent to January 1, 1938, or a member of the Pennsylvania State Police subsequent to June 1, 1943, and who shall have been at the time theretofore in the employ of the Commonwealth shall receive credit for any such service prior to January 1, 1938, or prior to June 1, 1943, as the case may be . . . ." 71 P.S. § 1725–204.

The Retirement Board filed preliminary objections, including, *inter alia*, a demurrer to appellant's complaint. Following an answer by appellant to the preliminary objections, the Commonwealth Court sustained the Retirement Board's demurrer, holding that since appellant had joined the State Police prior to January 1, 1938, § 204(2) was inapplicable. *Packler v. St. Employes' Ret. Bd.*, 15 Pa.Cmwlth. 143, 325 A.2d 335 (1974). On appeal to this court, we vacated the Commonwealth Court's order, holding that while that court's decision under § 204(2) was correct, it was improper to sustain the Retirement Board's demurrer without considering appellant's rights under § 204(1) and any other applica-

1. Act of June 1, 1959, P.L. 392, *as amended*, 71 P.S. § 1725–101, et seq.

ble sections of the Retirement Code. *Packler v. State Emp. Retirement Bd.*, 470 Pa. 368, 368 A.2d 673 (1977). On remand, the Commonwealth Court again sustained the board's preliminary objections and dismissed appellant's complaint, finding an action in mandamus will not lie where appellant had failed to utilize or exhaust his administrative remedies. *Packler v. State Employes' Ret. Bd.*, 33 Pa. Cmwlth. 452, 382 A.2d 158 (1978). This appeal followed.

In *Valley F. Racing Ass'n v. St. H. Racing Comm.*, 449 Pa. 292, 295, 297 A.2d 823, 824 (1972), we stated:

"It is axiomatic that mandamus is an extraordinary writ which lies to compel the performance of a ministerial act or a mandatory duty where there is a clearly legal right in the plaintiff, a corresponding duty in the defendant, and *a want of any other appropriate and adequate remedy.*" (Emphasis added.)

At the time appellant filed his complaint in mandamus, the Administrative Agency Law [2] specifically provided that actions of the Retirement Board were subject to the provisions of the act. While appellant claims he attempted to invoke agency procedures, the record is barren of any indication he made such an attempt. Since appellant had failed to show he exhausted all available remedies before filing his complaint in mandamus, the complaint was properly dismissed.

Order affirmed.

MANDERINO, J., did not participate in the decision of this case.

LARSEN, J., files a dissenting opinion.

LARSEN, Justice, dissenting.

I dissent; we should reach the merits of this "long drawn-out" case. We will all be old when this case is finally

---

2. Act of June 4, 1945, P.L. 1388, *as amended*, 71 P.S. § 1710.1, et seq., repealed 1978.

determined. This case has been heard by this Court twice on non-merit issues.