## Keough v. Harshaw's, Inc.

*Robert L. Lackey*, for plaintiff.
*Thomas W. Kuster*, for defendant.
*Henry M. Ekker*, for defendant.

ACKER, J., May 22, 1984—We have for consideration preliminary objections in the nature of demurrers and a motion for more specific complaint in this action. The facts alleged by plaintiff are that Louise W. Keough was an employee of defendant Harshaw's for a period of 29 years. Coutsolioutsos was at all material times president of Harshaw's. In January of 1982, Coutsolioutsos requested and urged Keough to agree to the modification of her employee benefits, which at that time consisted of $80,000 term life insurance coverage. Coutsolioutsos, it is claimed, either intentionally or acting in careless disregard of the truth, represented to Keough

that if she agreed to the plan he proposed, she would receive $25,000 insurance on her life following the termination of her employment with Harshaw's, Inc. whether she quit or was fired, and regardless of the circumstances of termination. It is alleged that this was a misrepresentation and deception by Coutsolioutsos intended to extract from Keough her consent to thereby permit Harshaw's, Inc. to participate in the Retired Lives Reserve Trust under which Coutsolioutsos was able to secure for himself $100,000 pre-retirement coverage and $200,000 post-retirement coverage. Having obtained from Keough her consent, she entered into a group contract with Traveler's Insurance providing for participation in the Retired Lives Reserve Trust. A certificate was issued to her on or about March 12, 1982 effective March 1 of that year.

Keough's employment was terminated by decision of Coutsolioutsos on February 24, 1983. She was informed on March 2 that as of February 28, 1983, her coverage under the Retired Lives Reserve Policy was terminated. At all times material to this matter, in addition to being an employee, Keough served as a director and corporation secretary of Harshaw's, Inc. Despite requests by Keough to defendants, Coutsolioutsos and Harshaw's, to reinstate her coverage or to provide comparable coverage through a paid up $25,000 insurance policy on her life, defendants refused. Hence, this suit.

The complaint is divided into five counts: Counts I, II, and III are in assumpsit. Counts IV and V are in trespass. A demurrer is filed to each count with the exception of Count III. A request for more specific complaint is raised concerning the failure to set forth whether the contract is in writing and to attach its material parts. It is also claimed that the complaint fails to allege sufficient facts as to the

contractual relations so as to permit defendant to respond.

Count I in assumpsit is directed against Harshaw's, Inc. only. It claims a breach of contract and prays for $25,000 paid up insurance or a sum necessary to secure comparable insurance. The demurrer claims that there is a failure to state whether there is an oral contract and to attach copies and that there is no valid cause of action asserted.

Count II in assumpsit is against Coutsolioutsos only and asserts a promissory or equitable estoppel. This cause of action claims that Coutsolioutsos should have reasonably expected his promise to induce action or forebearance by plaintiff. The demurrer claims that there is no allegation of liability against Coutsolioutsos in an individual capacity.

Count IV in trespass is against Coutsolioutsos only, based on deceit or misrepresentation. The demurrer claims no actionable conduct is alleged because Coutsolioutsos is acting in an individual capacity. Although defendants argue an improper assertion of punitive damages as to Count IV, it is not contained in the defendants' preliminary objection and is not considered.

Count V is in trespass against Harshaw's, Inc. only. It asserts that the employer is responsible for its employee's or agent's misrepresentation or deceit. Punitive damages are claimed as well as compensatory damages. The demurrer contends insufficient allegations for recovery of punitive damages.

I. ARE THERE SUFFICIENT ALLEGATIONS CONTAINED IN THE COMPLAINT CONCERNING THE CONTRACTUAL RELATIONSHIP OF THE PARTIES TO PERMIT THE DEFENDANT TO RESPOND TO THE COMPLAINT?

This issue is first addressed because the demurrers are based in part on the contention that because it is not alleged whether the contract is written or oral, defendants are unable to defend. Fortunately, this problem has long since been resolved in Harvey Probber, Inc. v. Kauffman, 181 Pa. Super. 281, 124 A.2d 699 (1956). There it is held that an action of assumpsit on a contract where the complaint does not specify whether the alleged contract was written or oral, the inference is that it was oral. There are numerous cases which followed this interpretion of Pa.R.C.P. 1019.[1]

Defendants have failed to point out in any other respect their claim that the complaint is insufficient as to particularities. Our reading of the complaint indicates that it is more than adequate and informs them that which they must defend. Hence, we see no merit in this contention.

## II. MUST DEMURRERS BE GRANTED TO COUNTS I, II, IV, AND V?

In considering a demurrer, if there exists any doubt as to whether averments of the complaint would permit recovery if ultimately, adequately proved, a preliminary objection to the complaint should not be sustained. Eckrich v. DiNardo, 283 Pa. Super. 84, 423 A.2d 727 (1980). Preliminary ob-

---

1. See Annotations to Pa.R.C.P. 1019, in 42 P.S. §1019, note 49 on page 212 and (2) Goodrich Amram.2d Procedural Rules Service, §1919(h):1 commencing at page 163. Certainly, if this contract had been in writing, the employer would be in an equal position with the employee to know and to have a copy. If a document is in possession of a defendant, the reason for the rule is absent. I. W. Levin & Co. v. Olds Division of General Motors Corp., 8 D.&C.3d 361 (1978). There is, however, no allegation that this agreement was in writing, and it is, therefore, deemed to be oral.

jections should be sustained and the complaint dismissed only in cases that are clear and free from doubt, for it must appear with certainty that upon the facts averred, the law will not permit recovery by plaintiff. Allstate Insurance Co. v. Fioravanti, 451 Pa. 108, 299 A.2d 585 (1973). Of course, by demurring to plaintiff's complaint, defendant admits as true all well-pleaded facts. Firing v. Kephart, 466 Pa. 560, 353 A.2d 833 (1976). A demurrer is an assertion that the complaint does not set forth the cause of action upon which relief can be granted. Matschener v. City of Pittsburgh, 36 Pa. Commw. 69, 387 A.2d 954 (1978). In Packler v. State Employment Retirement Board, 470 Pa. 368, 368 A.2d 673 (1977), dismissed after remand 33 Pa. Commw. 452, 382 A.2d 158 (1978), affirmed 487 Pa. 51, 408 A.2d 1091 (1979), it was held that a preliminary objection in the nature of a demurrer should not be granted if the allegations to the complaint state a cause of action under any theory of law. Any doubt as to whether a complaint should be sustained must be resolved in favor of overruling a demurrer. Gekas v. Shapp, 469 Pa. 1, 364 A.2d 691 (1976); Pike County Hotels Corp. v. Kiefer, 262 Pa. Super. 126, 396 A.2d 677 (1978).

Count I is based upon a breach of contract. Defendant first argues that failure to allege that the contract was in writing with a copy attached, and the fact that the complaint does not set forth any averment that the contract related to a specific time or period creates a hiring at will, terms of which can be changed at any time. We have previously held in response to the motion for more specific complaint that the contract is deemed to be oral. The oral contract sets forth with specific particularity that at the time of the termination of employment for any reason, plaintiff would receive a $25,000 paid up insur-

ance policy. Therefore, the exact date was impossible to determine at the time that the contract was entered, and it is sufficiently specific as alleged. The contention that the contract must be presumed to have been "at will" is specifically not denied by plaintiff. We have difficulty accepting that conclusion for it is alleged that plaintiff at all times material to this cause of action was both a corporate secretary and a director.[2]

Even assuming that the employment is at will, the issue is not, as contended by defendants, whether defendant, Harshaw's, Inc., could terminate the employment. Rather, it is whether defendant can ignore its commitment to plaintiff to provide plaintiff with a $25,000 paid up insurance policy at the time of the termination of employment. Forbearance is sufficient consideration to make an oral contract of employment enforceable. Miksaw v. Coca Cola Bottling Company, 166 Pa. Super. 148, 70 A.2d 467 (1950). Announced and admitted policy of an employer to pay separation pay to an employee becomes part of a contract of employment which is enforceable even though it may be contended that the separation pay was voluntarily given. In Muldowney v. B.C.A. Division of Federal-Mogul Corp., 61 D.&C.2d 346 (1972), it was held to be merely an additional arranged fee or compensation for services.

This court in Rossi v. Wendell August Forge, et al., at no. 679 C.D. 1983, denied a demurrer to a

---

2. Directors in corporations may be in classes, but in any event, a term of office shall not be for a shorter period than one year or for a longer period than four years. As amended, Act of July 20, 1968, P.L. 459, §21 [15 P.S. §1403]. Every business corporation is required to have a secretary who must be a natural person. Offices shall be elected ". . . for such terms . . ." as the by-laws shall prescribe. As amended, Act of July 20, 1968, P.L. 459, §23 [15 P.S. §1406].

complaint in which an enforcement of an oral agreement to purchase and continue a similar insurance contract was asserted. We are firmly of the opinion that Count I of the complaint states a valid cause of action.

## COUNT II

This count is in assumpsit solely against Coutsolioutsos. It is contended that Coutsolioutsos should have reasonably expected his promise to induce an action or forbearance by plaintiff, thereby asserting a promissory estoppel. Plaintiff concedes by brief that there is no authority for establishment of promissory estoppel against an agent under the facts of this case. He argues, however, that Restatement (Second) of Agency, §328, concerning contractual liability of an agent, recognizes in Comment b that an agent who misrepresents circumstances affecting the probability of performance by the principal may be subject to liability for damages caused by the principal's failure to perform. Restatement (Second) of Agency, §328, provides that there was no liability on an agent who discloses his principal where he has power to bind the principal. Such are the facts in this case. Comment b provides:

"In many cases the agent is a party to the contract made by him on behalf of the disclosed principal and, as such, is responsible for its performance. Also, if he misrepresents the financial condition of the principal or circumstances affecting the probability of performance, the failure of the principal to perform may subject him to liability for damages so caused."

There is no Pennsylvania case concerning Comment b. Taking Comment b, however, as if it were Pennsylvania law, there is no misrepresentation by Coutsolioutsos concerning the financial condition of

Harshaw's, Inc. or the failure to perform as alleged in Count II.[3]

Wherefore, the demurrer as to Count II will be granted subject to the right to amend.

## COUNT IV

Count IV is in trespass against Coutsolioutsos only based on deception or misrepresentation. Although punitive damages are claimed, they are not the subject of the preliminary objection in the nature of a demurrer as to Count IV and are not further considered. The demurrer does allege that there is no liability against defendant in his individual capacity. Even if defendant were not the president of defendant Harshaw's, Inc., liability could be found against him individually. It is asserted that defendant Coutsolioutsos intentionally, or while acting with reckless disregard of the truth made misrepresentations to plaintiff calculated to induce plaintiff's reliance in assenting to a modification of her insurance benefits. If there is a false representation of an existing fact relating to a material matter, scienter, justifiable reliance and damage as a result, fraud has been established. Shane v. Hoffman, 227 Pa. Super. 176, 324 A.2d 532 (1974). A reckless ig-

---

3. Plaintiff does allege in Count IV, which is not incorporated in Count II, in Paragraph 28 that Coutsolioutsos intentionally or carelessly disregarded the truth, misrepresented to Keough that Harshaw's, Inc., would pay up to $25,000 insurance coverage upon her life following the termination of her employment with Harshaw's, Inc., regardless of the circumstances of termination. If this allegation was properly contained in Count II, it is conceivable that it would fit within Comment b as being a misrepresentation affecting the probability of performance. Finding no Pennsylvania case, we do not resolve whether Comment 5 would be accepted as valid Pennsylvania law under the facts of this case.

norance of falsity is sufficient upon which to permit recovery in an action for fraud. Glanski v. Ervine, 269 Pa. Super. 182, 409 A.2d 425 (1979). A misrepresentation is material when it is of such a character that had it not been made, the transaction would not have been entered. Kelly v. Herrington, 191 Pa. Super. 361, 156 A.2d 601 (1959). Certainly, if Louise Keough had known that she was not to receive $25,000 paid up insurance coverage as represented by the president of the corporation, she would not have surrendered her insurance benefits.

An officer of a corporation may have personal liability imposed upon him when he knowingly participates in a wrongful act. Chester-Cambridge Bank & Trust Co. v. Rhodes, 346 Pa. 427, 31 A.2d 128 (1943). Where an officer actually participates in a wrongful injury, as occurred in this case, liability can be found. Wickes v. Milzoco, 291 Pa. Super. 345, 435 A.2d 1260 (1982); Eckrich v. DiNardo, 283 Pa. Super. 84, 423 A.2d 727 (1980); Amabile v. Auto Kleen Car Wash, 249 Pa. Super. 240, 376 A.2d 247 (1977); McKenna v. Art Pearl Works, Inc., 225 Pa. Super. 362, 310 A.2d 677 (1973).

Wherefore, we conclude that Count IV does assert a cause of action.

## COUNT V

Count V is in trespass against Harshaw's, Inc. only. It asserts that the employer is responsible for misrepresenatations or deceit of the employee. Punitive damages are sought. The demurrer is directed to the assertion of punitive damages. Defendants by brief argue that plaintiff's case is "really based solely on assumpsit," and that punitive damages are unavailable. It is true that punitive damages are unavailable where there is a mere breach of a contractual duty even if defendants were motivated

solely by malicious intent to cause harm to plaintiff. Daniel Adams Associates v. Rimbach Pub., Inc., 287 Pa. Super. 74, 429 A.2d 726 (1981). Count V incorporates all of the allegations of paragraphs 1 through 16 and 25 through 30. It asserts a cause of action in deceit or misrepresentation. Punitive damages may be awarded when an act is done with reckless indifference as well as bad motive. Such damages are proper when the acts complained of create actual damage, as well as import insults or outrage, and are committed with a view to oppress or are done in contempt of the plaintiff's rights. Dalahanty v. First Pennsylvania Bank, N.A., 318 Pa. Super. 90, 464 A.2d 1243 (1983). In determining whether punitive damages shall be awarded, there must be a consideration of the act itself, together with all the circumstances, including the motive of the wrongdoer, and the relationship between the parties. Pittsburgh Outdoor Advertising Co. v. Virginia Manor Apartments, Inc., 436 Pa. 350, 260 A.2d 801 (1970). The purpose of punitive damages is to punish a wrongdoer for his outrageous conduct and to deter any others from engaging in similar conduct in the future. Esmond v. Liscio, 209 Pa. Super. 200, 224 A.2d 793 (1966). Such damages may be awarded when the act is done with reckless indifference, as well as with bad motive. Focht v. Rabada, 217 Pa. Super. 35, 268 A.2d 157 (1970). Accepting the facts as alleged in plaintiff's complaint as true, the misrepresentations were made with bad motive to an employee of 29 years so that defendant, Coutsolioutsos, would be in a position to secure an extremely generous pre-retirement and post-retirement coverage for himself. This we deem to be sufficient, if properly established, to warrant a verdict encompassing punitive damages.

Hence, this

## ORDER

And now, this May 23, 1984, it is hereby ordered and decreed that the preliminary objections of defendants are all denied in their entirety, with the exception of the demurrer to plaintiff's Count II in assumpsit. Plaintiff is granted 20 days in which to file an amended complaint in which additional factual averments may be included in Count II only.