## DeBoer v. Property Owners Assn. of Sun Valley Lake, Inc.

*Charles C. Hansford,* for plaintiff.
*C. Daniel Higgins,* for defendants.

WILLIAMS, *S.J.*, May 14, 1985—Plaintiff has filed suit against the non-profit corporate defendant and its president, due to alleged refusal of defendants to permit plaintiff to examine the membership register books and records of account and records of proceedings of the members, director and such other bodies of the association and the refusal of defendants to permit plaintiff to make copies of such records.

The complaint asserts that it has the statutory right to the relief granted, citing section 7508(b) of the Non-Profit Corporation Code, 15 Pa. C.S. §7508(b), which reads as follows:

"The member may apply to the court for an order to compel such inspection. The court shall determine whether or not the person seeking the inspection is entitled to the inspection sought. The court may summarily order the corporation to permit the member to inspect the membership register and the other books and records of the corporation and to make copies or extracts therefrom or the court may order the corporation to furnish to the member a list of its members as of a specific date on condition that the member first pay to the corporation a reasonable cost of obtaining and furnishing such list and on such other conditions as the court deems appropriate."

Plaintiff has filed a complaint in mandamus and defendants have filed preliminary objections to strike the complaint, alleging that mandamus is not the proper remedy to pursue, that plaintiff must proceed by petition as provided by the Non-Profit Corporation Code.

At the outset, the applicability of the Action in Mandamus has been succinctly defined in Colodonato v. Southern Columbia Area School

Board, 5 D. & C. 3d 101, 104 (1977), where President Judge Myers said:

"Mandamus lies only when the following elements are present: (1) plaintiff has a clear legal right; (2) defendant has a corresponding duty; and (3) there is no other adequate or appropriate remedy; Francis v. State Employees' Retirement Board, 15 Pa. Commw. 143, 325 A.2d 335 (1974). In particular, mandamus provides an appropriate remedy whenever a statute imposes a particular duty upon some person, but provides no specific remedy for nonperformance: Douglas v. McKean, 25 Pa. Super. 9 (1904); Packler, supra."

Applying these principles to the issue before us we agree that mandamus is an inappropriate method for plaintiff to pursue to obtain his objective. The Non-Profit Corporation Code clearly provides that plaintiff proceed by petition. The right to proceed by petition is mandatory. It is not merely an alternative method of proceeding as argued by plaintiff. As stated in Colodonato v. Southern Columbia Area School Board, supra:

"It is a principle of law that where a statute stipulates a procedure that such procedure must be strictly pursued and exclusively applied."

We must under the principle of law above stated, sustain the motion to strike.

We do not reach, because of no necessity to do so, the issue as to the propriety of joining the president of the defendant corporation as a defendant.

## ORDER

And now, May 14, 1985, defendant's preliminary objection in the form of a motion to strike is granted with leave to plaintiff to proceed by petition in the manner prescribed by section 7508(b) of the Non-Profit Corporation Code.