**Hirshberg v. Molinelli**

*Robert A. Saurman*, for plaintiff.
*Brandi J. Belanger*, for defendant.

ZULICK, *J.*, April 4, 2012—Plaintiff, Ephraim Hirshberg, filed a complaint against defendant, Geraldine Molinelli, seeking partition of various properties and asserting claims of breach of contract, unjust enrichment, and constructive trust on December 28, 2011. Ms. Molinelli filed preliminary objections to Mr. Hirshberg's complaint and a supporting brief. Both parties appeared for argument before the court on March 5, 2012, at which time counsel for Mr. Hirshberg filed his brief in opposition to Ms. Molinelli's preliminary objections. Ms. Molinelli objected to the untimely filing of Mr. Hirshberg's brief. She was given ten days to file a reply brief. The parties having filed their briefs and argued the matter, the case is now before the court for decision.

## DISCUSSION

Ms. Molinelli raises seven objections to Mr. Hirshberg's complaint, which will be addressed in turn.

### I. Motion to Dismiss Complaint Pursuant to Pennsylvania Rule of Civil Procedure 1028(a)(6)

A party may file preliminary objections to a pleading based on the "pendency of a prior action." Pa. R. Civ. P. 1028(a)(6). Ms. Molinelli avers that Mr. Hirshberg is

seeking partition of the same real property that was the subject of his earlier complaint for divorce. Having found no common law marriage existed between the parties, this court dismissed that divorce complaint in September, 2011 and Mr. Hirshberg appealed. The appeal is currently pending before the superior court. Ms. Molinelli has asked the court to dismiss Mr. Hirshberg's complaint or stay the proceedings due to the pendency of a prior action.

Whether there is a pending prior action is a question of law that must be determined "from an inspection of the pleadings." *Crutchfield v. Eaton Corp.*, 806 A.2d 1259, 1262 (Pa. Super. 2002) (quoting *Davis Cookie Co. v. Wasley*, 566 A.2d 870, 874 (Pa. Super. 1989)). The purpose of this defense, also known as lis pendens, is to protect the defendant from "having to defend several suits on the same cause of action at the same time." *Crutchfield*, 806 A.2d at 1262 (citing *Penox Techs., Inc. v. Foster Med. Corp.*, 546 A.2d 114, 115 (Pa. Super. 1988)). "The doctrine of lis pendens requires that the prior action be pending." *Crutchfield*, 806 A.2d at 1262 (citing *Norristown Auto. Co. v. Hand*, 562 A.2d 902, 904 (Pa. Super. 1989)).

Three elements are required to successfully plead lis pendens. See *Crutchfield*, 806 A.2d at 1262 (286 Pa. Super. 2002). The burden is on the party asserting the defense to show "that the prior case is the same, the parties are the same, and the relief requested is the same." *Id.* (citing *Penox*, 546 A.2d at 115, Pa. Super. 1988).

The three-pronged identity test must be applied strictly when a party is seeking dismissal under the doctrine of prior pending action. Alternatively, if the identity

test is not strictly met but the action involves a set of circumstances where the litigation of two suits would create a duplication of effort on the part of the parties, waste judicial resources and "create the unseemly spectacle of a race to judgment," the trial court may stay the later-filed action.

*Crutchfield*, 806 A.2d at 1262 (286 Pa. Super. 2002) (quoting *Norristown Auto. Co.*, 562 A.2d at 904, 905) (internal citations omitted).

Strictly applying the identity test to the facts of this case, the second prong of the test (identity of the parties) has been met, but the first and third have not. As to prong one, the prior case at issue here is a divorce action in which Mr. Hirshberg sought divorce, equitable distribution of real and personal property, and alimony, in the case at bar, Mr. Hirshberg has averred claims for partition, breach of contract, unjust enrichment and constructive trust. Although both cases address the same real property, Mr. Hirshberg also sought personal property in the divorce action and seeks monetary damages in this action. Accordingly, the two cases lack the strict identity required for dismissal pursuant to Rule 1028(a)(6). See, e.g. *Kramer v. Kramer*, 394 A.2d 577, 582 (Pa. Super. 1978) (finding that "although appellee is seeking an award of support based upon the written agreement in both actions," identity test had not been met when appellee sought alternate remedy in later action that had not been sought in earlier case and child custody issue existed in earlier case, but not in later action).

Mr. Hirshberg's claims in the earlier divorce action and

now in this case, raise a similar issue. He is attempting to establish his ownership interest in real property titled solely in Ms. Molinelli's name. Under the law, this court has discretion to stay this case until the appeal in the divorce case is resolved. However, I decline to do so because that delay will not advance the resolution of this dispute. Much of the trial preparation that would be necessary if the divorce case is reversed and remanded will be accomplished as this case progresses. If the divorce decision is reversed, the parties' claims will be addressed there. If there is no reversal, the dispute will be decided in this case. Accordingly, this preliminary objection will be overruled.

## II. Motion to Dismiss Count I of the Complaint (Partition) Pursuant to Pennsylvania Rule of Civil Procedure 1028(a)(2) and (a)(4)

Preliminary objections to a pleading may be raised averring the "failure of a pleading to conform to law or rule of court or inclusion of scandalous or impertinent matter." Pa. R. Civ. P. 1028(a)(2). Additionally, a party may challenge the legal sufficiency of a pleading in the form of demurrer. See Pa. R. Civ. P. 1028(a)(4). Ms. Molinelli argues that because Mr. Hirshberg does not hold legal title to any of the properties he seeks to have partitioned, as required by Pennsylvania Rule of Civil Procedure 1553, his request for partition fails to conform to a rule or court and/or is insufficient as a matter of law. The arguments will be addressed separately.

### a. Pennsylvania Rule of Civil Procedure 1553

Rule of Civil Procedure 1553 governs who may bring

an action for partition of property and provides in pertinent part that "[a]n action for partition may be brought by any one or more co-tenants." Pa. R. Civ. P. 1553. Ms. Molinelli argues that because Mr. Hirshberg has no deeded interest in the properties, he has no standing to bring an action for partition. Mr. Hirshberg counters that he has an equitable interest in the properties and there is no requirement that an individual be a deeded owner in order to be a "co-tenant" for purposes of Rule 1553.

It has long been the law in Pennsylvania that an equitable estate will support a partition action:

[a]n equitable estate is sufficient in Pennsylvania to support a partition, even at law; it is sufficient to show a clear equitable right to the relief prayed for. If the disputed titles are equitable, courts of equity will exercise jurisdiction to settle them, and will then grant final relief by way of partition under the same bill.

*Appeal of Hays*, 123 Pa. 110, 132, 16 A. 600, 601 (1889) (citations omitted); accord *Hanna v. Clark*, 189 Pa. 321, 334, 41 A. 981, 982 (1899).

A question presented here is whether Mr. Hirshberg's claims of equitable title amount to an "equitable estate." Certainly before he is entitled to partition, he must first establish his alleged right to an equitable interest in the properties which are the subject of this action. The procedural distinctions between the forms of action in assumpsit, trespass and equity have been abolished in Pennsylvania. See Pa. R. Civ. P. 1001. Mr. Hirshberg's claim that he holds an equitable interest in Ms. Molinelli's real property will be determined first in this litigation. If

he does have such an interest, the partition rules will then be followed to divide the parties' interests. This objection will be denied.

### b. Demurrer

When filing preliminary objections in the nature of a demurrer, the defendant admits, as true, all well-pleaded facts in the complaint and any reasonable inferences to be drawn therefrom, but not the pleader's conclusions or averments of law. See *Savitz v. Weinstein*, 395 Pa. 173, 174, 149 A.2d 110, 111 (1959) (quoting *Narehood v. Pearson*, 374 Pa. 299, 302, 96 A.2d 895, 896 (1953)); 220 *P'ship v. Phila. Elec. Co.*, 650 A.2d 1094, 1096 (Pa. Super. 1994) (citing *Preiser v. Rosenzweig*, 614 A.2d 303, 305 (Pa. Super. 1992)).

A "preliminary objection in the nature of a demurrer should not be granted if the allegations of the complaint state a cause of action under any theory of law." *Packler v. State Employees' Ret. Bd.*, 470 Pa. 368, 371, 368 A.2d 673, 675 (1977). In determining whether the factual averments contained in the complaint sufficiently state a cause of action, all doubts are resolved in favor of sufficiency of the complaint. See *Slaybaugh v. Newman*, 479 A.2d 517, 519 (Pa. Super. 1984). Accordingly, a preliminary objection will only be sustained and a complaint dismissed only in cases that are clear and free from doubt. See *Cianfrani v. Commonwealth, State Employees' Ret. Bd.*, 479 A.2d 468, 469 (Pa. Super. 1984).

As stated above, Mr, Hirshberg has pleaded an equitable interest in the property and has supported that allegation with specific averments in his complaint. As such, this

objection will also be overruled.

### III. Motion to Dismiss Count II of the Complaint (Breach of Contract) Pursuant to Pennsylvania Rule of Civil Procedure 1028(a)(2)

Ms. Molinelli also argues that count two of Mr. Hirshberg's complaint, the breach of contract claim, fails to conform to law or rule of court because Mr. Hirshberg includes in his complaint a breach of contract claim, but fails to state whether the contract is oral or written as required by rule of civil procedure 1019(h). Rule 1019(h) provides that "[w]hen any claim or defense is based upon an agreement, the pleading shall state specifically if the agreement is oral or written." Pa. R. Civ. P. 1019(h). Mr. Hirshberg does not aver in his complaint whether the alleged agreement was oral or written and, accordingly, this preliminary objection will be sustained.

### IV. Motion to Dismiss Count II of the Complaint (Breach of Contract) Pursuant to Pennsylvania Rule of Civil Procedure 1028(a)(3) and (a)(4)

In addition to challenging the legal sufficiency of a pleading, a party may challenge the factual specificity of a pleading through preliminary objections. See Pa. R. Civ. P. 1028(a)(4) and (a)(3). Here, Ms. Molinelli argues that Mr. Hirshberg has failed to plead the necessary elements to establish the existence of a contract between the parties and, further, he fails to plead sufficient facts to enable her to answer the allegations in the count.

The material facts that support a pleading must be stated "in a concise and summary form." Pa. R. Civ. P. 1019(a).

The allegations "must apprise [the opposing party] of the claim being asserted and summarize the essential facts to support that claim." *Estate of Swift v. Ne. Hosp. of Phila.*, 690 A.2d 719, 723 (Pa. Super. 1997) (citation omitted). In determining whether the paragraphs of the complaint contain the requisite specificity, the court cannot focus on one paragraph, but must instead consider each allegation within the context of the whole complaint. See *Yacoub v. Lehigh Valley Med. Assocs., P.C.*, 805 A.2d 579, 589 (Pa. Super. 2002).

There are three elements of a contract—(1) the parties must manifest an intent to be bound by the terms of the agreement (i.e. offer and acceptance); (2) the terms of the agreement must be sufficiently definite; and (3) there must be consideration. See *Johnston the Florist, Inc. v. TEDCO Constr. Co.*, 657 A.2d 511, 516 (Pa. Super. 1995). "A cause of action for breach of contract must be established by pleading (1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract and (3) resultant damages." *CoreStates Bank, N.A. v. Cutillo*, 723 A.2d 1053, 1058 (Pa. Super. 1999) (citing *Gen. State Auth. v. Coleman Cable & Wire Co.*, 365 A.2d 1347, 1349 (Pa. Cmwlth. 1976)). Although every contract term must not be stated in complete detail, every element must be specifically pleaded. See *CoreStates*, 723 A.2d at 1058 (citing *Snaith v. Snaith*, 422 A.2d 1379, 1382 (Pa. Super. 1980)).

Taking the complaint as a whole, Mr. Hirshberg has stated the required elements with sufficient specificity. Mr. Hirshberg avers that an agreement was reached for "the parties to purchase, repair, rent, jointly own and

jointly benefit from the properties." Compl. ¶23; he paid purchase monies for the properties in question; and Ms. Molinelli purchased the properties and titled them in her name. Additionally, Mr. Hirshberg's averment that he has been excluded from the property by Ms. Molinelli and damaged as a result, is sufficient at this stage of pleading. Accordingly, this preliminary objection in the nature of demurrer will be overruled.

Nonetheless, Mr. Hirshberg's failure to specify any amount of money he alleges he paid toward to purchase, maintenance, and repair of the properties significantly impairs Ms. Molinelli's ability to respond to his complaint. The trial court "has broad discretion in determining the amount of detail that must be averred since the standard of pleading set forth in rule 1019(a) is incapable of precise measurement." *Pike County Hotels Corp, v. Kiefer*, 396 A.2d 677, 681 (Pa. Super. 1978). Mr. Hirshberg's complaint must provide enough facts to enable Ms. Molinelli to frame a proper answer and prepare a defense, which includes the amounts he alleges to have provided for the purchase and maintenance of these properties. Without this information, Ms. Molinelli cannot admit or deny receipt of those funds. Accordingly, Ms. Molinelli's preliminary objection seeking more specificity in count two of the complaint will be sustained.

### V. Motion to Dismiss Count III (unjust enrichment) Pursuant to Pennsylvania Rule of Civil Procedure 1028(a)(4)

Ms. Molinelli also filed a preliminary objection in the nature of demurrer to count three of Mr. Hirshberg's complaint, which claims unjust enrichment. More

specifically, Ms. Molinelli argues that because the parties were involved in a romantic relationship during the relevant period, Mr. Hirshberg must plead facts that establish his actions were not gratuitous and that Ms. Molinelli was unjustly enriched.

The elements of unjust enrichment are (1) benefits conferred on defendant by plaintiff; (2) the appreciation of those benefits by the defendant; and (3) the acceptance and retention of the benefits under such circumstances that would make it inequitable for the defendant to retain the benefits without payment of value. See *Wiernik v. PHH U.S. Mortg. Co.*, 736 A.2d 616, 622 (Pa. Super. 1999) (quoting *Styer v. Hugo*, 619 A.2d 347, 350 (Pa. Super. 1993)). Here, Mr. Hirshberg avers in his complaint that he supplied funds to purchase, maintain, improve and repair the properties at issue, which was a benefit appreciated by Ms. Molinelli as deeded owner of the properties. Mr. Hirshberg also avers that his exclusion from the properties and Ms. Molinelli's denial of his interest in the properties make her retention of the benefits he conferred upon her inequitable. These averments are sufficient to survive demurrer.

Ms. Molinelli argues the Mr. Hirshberg must also plead facts that his actions were not gratuitous because the parties were in a relationship at the time the alleged benefits were conferred. However, although a presumption may exist that services within a close relationship are gratuitous, Mr. Hirshberg is not required at this stage to submit evidence to overcome this presumption. Demurrer will only be sustained when it is clear that the plaintiff cannot recover under any theory of law. See *Cianfrani*, 479 A.2d at 469. Accordingly, this preliminary objection

will be overruled.

## VI. Motion to Dismiss Count III (Unjust Enrichment) Pursuant to Pennsylvania Rule of Civil Procedure 1028(a)(3)

Additionally, Ms. Molinelli argues that count three lacks sufficient factual specificity to allow her to respond and prepare a defense because Mr. Hirshberg does not specify the amount of money he alleges he has paid toward each property or when the amounts were alleged to have been contributed. As stated above, Mr. Hirshberg's complaint must provide enough facts to enable Ms. Molinelli to frame a proper answer and prepare a defense, which includes the amounts he alleges to have provided for the purchase and maintenance of these properties. Without this information, Ms. Molinelli cannot admit or deny receipt of those funds nor defend against Mr. Hirshberg's claim that she has been unjustly enriched. Accordingly, Ms. Molinelli's preliminary objection seeking more specificity in count three of the complaint will be sustained.

## VII. Motion to Dismiss Count IV (Constructive Trust) Pursuant to Pennsylvania Rule of Civil Procedure 1028(a)(3) and (a)(4)

Lastly, Ms. Molinelli challenges both the legal and factual sufficiency of count four of Mr. Hirshberg's complaint, which claims the creation of a constructive trust. Specifically, Ms. Molinelli argues that Mr. Hirshberg does not plead any facts sufficient to establish (1) the necessary fraud, duress, undue influence, mistake or abuse of a confidential relationship, (2) unjust enrichment, or (3) how a constructive trust was alleged to have been established. Additionally, Ms. Molinelli argues that,

generally, the complaint fails to sufficiently plead facts so that she may answer. In Pennsylvania, a constructive trust can arise in one of two ways. Under the approach adopted by the restatement (second) of trusts,

> (1) Where the owner of an interest in land transfers it inter vivos to another in trust for the transferor, but no memorandum properly evidencing the intention to create a trust is signed, as required by the statute of frauds, and the transferee refuses to perform the trust, the transferee holds the interest upon a constructive trust for the transferor, if
>
> (a) the transfer was procured by fraud, duress, undue influence or mistake, or
>
> (b) the transferee at the time of the transfer was in a confidential relation to the transferor....

Restatement (second) of trusts § 44 (1959). "The restatement and Pennsylvania case law have imposed an additional requirement...that the fraud, duress, undue influence or abuse of a confidential relationship must be accompanied by an actual promise by the transferee to hold the property in trust and a reliance upon that promise by the transferor." *Kohr v. Kohr*, 413 A.2d 687, 690 (Pa. Super. 1979) (citing *Silver v. Silver*, 421 Pa. 533, 219 A.2d 659 (1966) and *Moreland v. Metrovich*, 375 A.2d 772 (Pa. Super. 1977)).

In his complaint, Mr. Hirshberg does not allege an express promise by Ms. Molinelli to hold the properties in a trust. Accordingly, he has not stated a cause of action under this theory of constructive trust. He will be given leave to amend the complaint.

The second way a constructive trust can be created in Pennsylvania is under an unjust enrichment theory. See restatement (first) of restitution § 160 (1937). Under this approach, a constructive trust arises "[w]here a person holding title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it...." *Id.*

Here, Ms. Molinelli holds legal title to the properties and Mr. Hirshberg has averred an equitable interest in the properties on account of his alleged contribution of funds used toward the purchase, repair and maintenance of the properties. Mr. Hirshberg also avers that Ms. Molinelli, exclusively, is enjoying the benefits of the rental income from the properties, with the reasonable inference being that she has been unjustly enriched. Accordingly, Mr. Hirshberg has sufficiently pleaded constructive trust to survive demurrer and this preliminary objection will be overruled in this regard.

Nonetheless, as stated on two occasions above, Mr. Hirshberg has not sufficiently averred the factual basis for his claim to allow Ms. Molinelli to respond to the complaint and prepare her defense. Likewise, he has not stated in the complaint that the parties agreed that Ms. Molinelli would hold his interest in the property in trust. As such, the preliminary objection seeking more specificity in count four of the complaint will be sustained.

## ORDER

And now, April 4, 2012, upon consideration of the preliminary objections of defendant, Geraldine Molinelli, and opposition of plaintiff, Ephraim Hirshberg, and following oral argument on March 5, 2012, it is hereby

ordered as follows:

1. Ms. Molinelli's preliminary objections no. 1, 2, and 5 are overruled;

2. Ms. Molinelli's preliminary objections no. 3 and 6 are sustained for the reasons as stated in the accompanying opinion;

3. Ms. Molinelli's preliminary objections no. 4 and 7 are overruled in part and sustained in part for the reasons stated in the accompanying opinion; and

4. Mr. Hirshberg is granted leave to file an amended complaint within twenty (20) days of this order.