Curtis C. Stull, Appellant v. Walter Robinson, Individually and as a Supervisor of Gilpin Township: John Grajczar, Individually and as a Supervisor of Gilpin Township: and Ralph Knepshield, Individually and as a Supervisor of Gilpin Township, Appellees.

Argued December 3, 1979, before Judges CRUMLISH, JR., BLATT and CRAIG, sitting as a panel of three.

*John W. Peck, II*, with him, *George, Wasson, Sekula, Kovalchick & Irwin,* for appellant.

*Frank Allan Wolfe*, with him, *Kenneth Valasek,* of *Suckling & Valasek,* and *Timothy J. Geary,* for appellees.

OPINION BY JUDGE CRAIG, January 28, 1980:

This appeal by appellant Curtis Stull is from an order of the Court of Common Pleas of Armstrong County, granting a motion by the Supervisors of Gilpin Township for judgment on the pleadings.

Appellant filed a complaint in mandamus alleging that he had been dismissed from his position as acting chief of police in violation of the provisions of the Act of June 15, 1951, P.L. 586, 53 P.S. §811 *et seq.,* known as the Police Tenure Act, in that he had not been furnished with a written statement of the charges against him, as required by Section 2 of that Act, 53 P.S. §812. Appellant sought reinstatement to his position and back pay.

The supervisors denied the allegation of dismissal (but admitted that they had asked for appellant's resignation if he retained fulltime employment elsewhere) and denied any violation of the Act, which provides, inter alia, that a police officer shall not be removed except for causes stated, and that a statement of charges must be furnished.

The court below, accepting appellant's allegation of dismissal, concluded that a mandamus action for

reinstatement was improper in that the administrative remedy available under the Police Tenure Act should be pursued instead, with mandamus to be used only if needed to compel township compliance with the notice and other procedural requirements of the Act. Accordingly, the lower court properly granted judgment for the township.

We affirm upon, and adopt the able opinion of President Judge HOUSE of the Court of Common Pleas of Armstrong County, at Docket No. 1977-0977-Civil therein.

ORDER

Now, this 28th day of January, 1980, the order of the Court of Common Pleas of Armstrong County, dated April 21, 1978, is affirmed on the opinion of the lower court at No. 1977-0977-Civil Division.

Judge DISALLE did not participate in the decision in this case.