Mildred and William E. Duncan, Petitioners *v.* Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Respondent.

Argued June 5, 1980, before Judges MENCER, CRAIG and MacPHAIL, sitting as a panel of three.

*Craig S. Boyd,* for petitioners.

*David Shotel,* Assistant Attorney General, with him *Kenneth W. Makowski,* Acting Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE MENCER, August 13, 1980:

William E. Duncan and Mildred Duncan made demand upon the Pennsylvania Liquor Control Board

(Board) for the issuance of an application to renew the restaurant liquor license issued to them, and their demand was denied.[1] The Board's refusal was upon the ground that in May 1979 at a primary election held in the Borough of Elverson, the site of the Duncans' hotel for which the license in question was issued, the electors voted against the granting of liquor licenses for the sale of liquor in the Borough of Elverson. In consequence, it was prohibited by law[2] from renewing the license issued to the Duncans.

Thereupon, the Duncans filed a complaint in equity in this court, which we regarded and acted upon as a petition for review, addressed to this court's original jurisdiction. The Duncans also filed a motion for preliminary injunction and, after hearing, on January 30, 1980, former President Judge JAMES S. BOWMAN ordered the Board to temporarily renew the restaurant liquor license issued to the Duncans, otherwise expiring on January 31, 1980, until disposition of this case on the merits or further order of this court. On February 7, 1980, the Board filed preliminary objections raising a question of this court's jurisdiction and setting forth a demurrer to the Duncans' cause of action.

---

[1] Although the evidentiary record seems to disclose that no formal application for renewal of license was filed with the Board, the parties here seem to treat the Board's response as a denial of a renewal of the restaurant liquor licnse that had been issued to the Duncans. If the Board's response was merely a refusal to supply the application form and the Board persists in this regard, the Duncans' sole remedy is in mandamus. *Roberts v. Office of Administration*, 30 Pa. Commonwealth Ct. 19, 372 A.2d 1233 (1977) ; *Dep't of Health v. Schum*, 21 Pa. Commonwealth Ct. 356, 346 A.2d 599 (1975).

[2] The pertinent portion of Section 472 of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. §4-472, reads as follows: "[I]f a majority of the electors voting on any such question vote 'no', then the Board shall have no power to grant or to renew upon their expiration any licenses of the class so voted upon in such municipality. . . ."

In this Commonwealth, we have a state stores system supervised by a liquor control board. In addition, our board regulates the importation of alcoholic beverages and the granting of licenses permitting the sale of alcoholic beverages for consumption on the premises. Our Liquor Code has statewide application, but Section 472 thereof authorizes local option elections whereby the people of the various municipalities within the Commonwealth have the right to determine, in accordance with the procedure prescribed by the Liquor Code, whether liquor licenses shall be granted within the municipalities where they reside.

Here the majority of the electors of the Borough of Elverson voting in the May 1979 primary election voted against the granting of liquor licenses for the sale of liquor in the Borough of Elverson, and the Board refused to renew the license issued to the Duncans. At this point in time, the pertinent portions of Section 464, 47 P.S. §4-464, which read as follows, became applicable.

The board may of its own motion, and shall upon the written request of any applicant for club, hotel or restaurant liquor license, or any applicant for any malt or brewed beverage license other than a public service license, or for renewal or transfer thereof, whose application for such license, renewal or transfer has been refused, fix a time and place for hearing of such application for license or for renewal or transfer thereof, notice of which hearing shall be mailed to the applicant at the address given in his application. Such hearing shall be before the board, a member thereof, or an examiner designated by the board. At such hearing, the board shall present its reasons for its refusal or withholding of license, renewal or transfer thereof. The applicant may appear in person or

by counsel, may cross-examine the witnesses for the board and may present evidence which shall likewise be subject to cross-examination by the board. Such hearing shall be stenographically recorded. The examiner shall thereafter report to the board upon such hearing. The board shall thereupon grant or refuse the license, renewal or transfer thereof. In considering the renewal of a license, the board shall not refuse any such renewal on the basis of the propriety of the original issuance or any prior renewal of such license. If the board shall refuse such license, renewal or transfer following such hearing, notice in writing of such refusal shall be mailed to the applicant at the address given in his application. In all such cases, the board shall file of record at least a brief statement in the form of an opinion of the reasons for the ruling or order and furnish a copy thereof to the applicant. Any applicant who has appeared before the board or any agent thereof at any hearing, as above provided, who is aggrieved by the refusal of the board to issue any such license or to renew or transfer any such license may appeal . . . , within twenty days from date of refusal . . . , to the court of [common pleas] of the county in which the premises applied for is located or the county court of Allegheny County. Such appeal shall be upon petition of the aggrieved party, who shall serve a copy thereof upon the board, whereupon a hearing shall be held upon the petition by the court upon ten days' notice to the board, which shall be represented in the proceeding by the Department of Justice. The said appeal shall act as a supersedeas unless upon sufficient cause shown the court shall determine otherwise. The court shall hear the ap-

plication de novo on questions of fact, administrative discretion and such other matters as are involved, at such time as it shall fix, of which notice shall be given to the board. The court shall either sustain or over-rule the action of the board and either order or deny the issuance of a new license or the removal or transfer of the license to the applicant.

Accordingly, there is a statutorily provided procedure to be followed by the holder of a restaurant liquor license, the renewal of which has been refused. He must move the Board for a hearing of his application for renewal. Following the hearing, the Board shall grant or refuse the renewal of the license. If not satisfied with the Board's action, the applicant may appeal[3] to this court,[4] and we note that Section 464

---

[3] The Duncans wish to challenge and attack the validity of the liquor license referendum. This they may do under the procedure provided by Section 464 of the Liquor Code, since it was held in *Kittanning Country Club's Liquor License Case*, 330 Pa. 311, 198 A. 91 (1938), that the validity of a liquor license referendum may be collaterally attacked on an appeal to a court of common pleas from a refusal of the Liquor Control Board to renew a license.

[4] We are in agreement with the following analysis by Judge SPICER, as found in *Inter-Great Services, Inc. v. Liquor Control Board*, 22 Adams L.J. 9, 10-12 (1980):

The Liquor Code, 47 P.S. §4-464, provides that appeals from the granting or refusal to grant a liquor license shall be taken to the court [of common pleas] of the county 'in which the premises applied for is located.' The Judicial Code, 42 Pa. C.S.A. §763(a)(1) provides that The Commonwealth Court shall have exclusive jurisdiction to hear appeals from any Commonwealth agency having Statewide juridiction' unless excepted by the statute. The exceptions are listed in section 763(c) which refers to section 933 for cases involving Courts of Common Pleas.

Section 933 specifically exempts appeals under 47 P.S. §5-515. Appeals described in 47 P.S. §4-464 are not mentioned.

. . . .

provides that the appeal shall act as a supersedeas unless, upon sufficient cause shown, the court shall determine otherwise.[5]

Admittedly, the Duncans have not pursued the administrative remedy available under Section 464 of the Liquor Code. Consequently, not having exhausted

---

In reviewing the provisions of The Judicial Code and principles of statutory construction, this court concludes that the provisions of 47 P.S. §4-464 relating to appeals have been repealed by the provisions of 42 Pa. C.S.A. §763 (a)(1).

When two statutes cover the same subject matter, they are to be read, if possible, so as to give effect to the provisions of both statutes. 1 Pa. C.S.A. §1933. This court cannot do this because it cannot reconcile the provision in The Judicial Code that The Commonwealth Court has exclusive jurisdiction with the provision in The Liquor Code that the Courts of Common Pleas have jurisdiction.

Therefore, we proceed to the principle that a specific statute takes priority over a general statute except when the general statute was passed later and it is the manifest intention of the legislature that the general statute prevail. 1 Pa. C.S.A. §1933. Again, the emphasis is on the word 'exclusive.' The legislature would seem to have intended The Judicial Code provisions to prevail.

This conclusion is firmly established by the application of two other principles. The Judicial Code purports to establish a uniform and mandatory system covering appeals and, therefore, its general provisions would repeal pre-existing special statutes. 1 Pa. C.S.A. §1971. Further, the exceptions to the exclusive jurisdiction include one provision in The Liquor Code but not others.

We throw a little Latin in at this point. Expressio unius est exclusio alterius. When the legislature expressly saves an appeal procedure and is silent as to others, it may be assumed it meant to repeal those not mentioned. 73 Am. Jur. 2d Statutes §407.

[5] We would, in view of the order of this court which directed a temporary renewal of license and the supersedeas provision of Section 464, encourage the Board, upon written request by the Duncans, to expedite a determination of the renewal of restaurant liquor license No. R18752.

456

the administrative remedy available to them, the complaint in equity, which we have regarded as a petition for review, was improperly filed in this court. *Stull v. Robinson*, 49 Pa. Commonwealth Ct. 96, 411 A.2d 270 (1980).

Accordingly, we make the following

## ORDER

Now, this 13th day of August, 1980, the preliminary objections filed by the Pennsylvania Liquor Control Board are hereby sustained, and it is ordered that the complaint in equity filed in this court by Mildred Duncan and William E. Duncan be, and it is hereby, dismissed. It is further ordered that our order of January 30, 1980, directing the Pennsylvania Liquor Control Board to temporarily renew restaurant liquor license No. R18752, issued to Mildred Duncan and William E. Duncan, is hereby terminated, in accordance with our now disposition of the above captioned case.

