Elijah Gauden, Appellant *v.* Borough of Roscoe, Appellee.

Argued October 5, 1983, before Judges WILLIAMS, JR., MACPHAIL and BLATT, sitting as a panel of three.

*Paul A. Tershel,* with him *D. Keith Melenyzer,* for appellant.

*John E. Costello,* for appellee.

OPINION BY JUDGE WILLIAMS, JR., January 17, 1984:

Elijah Gauden appeals from an order of the Court of Common Pleas of Washington County dismissing his exceptions and affirming the trial court's opinion and order which dismissed his complaint in mandamus against the Borough of Roscoe.

Seeking reinstatment and back pay, Gauden filed a complaint in mandamus alleging that he was dismissed as chief of police in violation of the provisions of the Act of June 15, 1951, P.L. 586, *as amended,* 53 P.S. §§811-816 (known as the Police Tenure Act) in that he was never furnished with a written statement of the charges against him and was not granted a hearing prior to dismissal. Section 4 of the Act, 53 P.S. §814. The Borough denied that Gauden had been dismissed and averred that he had chosen not to con-

tinue as the Borough's chief of police under a new condition of employment.[1]

The common pleas court, after a hearing on the mandamus complaint, decided, *inter alia,* that Gauden was not discharged but voluntarily chose not to work under the new condition of employment; that the Police Tenure Act was therefore not applicable; and, that the mandamus action was not appropriate. This appeal followed.[2]

After a thorough review of the record we conclude that the trial court erred in finding that Gauden had resigned from his chief of police position. In 1981, Gauden's personal vehicle was twelve years old, could not pass inspection and was not economically serviceable. Additionally, Gauden apprised the Borough that he could not afford to purchase a vehicle suitable for police work. Although Gauden never abandoned his employment (when the Borough police car was sold he performed foot patrol duties), the borough council declared the chief of police position vacant upon Gauden's failure to accept the new condition of employment.

Unless there is some special meaning to be attributed to it, the word "resign" should be given its nor-

---

[1] The dispute arose upon the Borough's decision in May 1981 to sell, for reasons of economy, the Borough's sole police car. Gauden was advised that he would be reimbursed at a fixed rate for the use of his personal automobile while on police business. After advising the Borough that he lacked access to a suitable automobile, Gauden did not comply with the Borough's directive that he provide his own vehicle as a condition for continued employment. By letter dated July 27, 1981, the Borough apprised Gauden that a positive response to the new requirement should be made by August 21, 1981. Upon Gauden's failure to accept the new condition of employment, borough council declared the chief of police position to be vacant on August 24, 1981.

[2] Our scope of review is to determine whether the common pleas court committed an abuse of discretion or an error of law. *In Re: Appeal of Redo,* 42 Pa. Commonwealth Ct. 468, 401 A.2d 394 (1979).

mal and customary meaning which is "[t]o give up deliberately: renounce by a considered or formal act. . . ." Webster's Third New International Dictionary 1932 (1966). Thus in light of the absence of an expression of intention to relinquish his duties and the accompanying act of relinquishment, Gauden did not resign from his position. *See, City of Chicago v. O'Malley,* 69 Ill. 2d 474, 372 N.E. 2d 671 (1978); *see also,* 67 C.J.S. *Officers,* §103 (1978).

· Because Gauden was dismissed by the Borough, it follows that such removal was governed by the provisions of the Police Tenure Act which prohibit the discharge of a covered police officer for reasons other than those set forth in Section 2 of the Act, 53 P.S. §812. Further, Section 4 of the Act expressly requires the filing of written charges and the adjudication of the propriety of the disciplinary action (suspension or removal) in a hearing if demanded by the police officer. The statutory remedy is completed by the according of a right of appeal to common pleas court to the suspended or dismissed police officer. Section 5 of the Act, 53 P.S. §815.

Instead of availing himself of the Act's adequate and appropriate administrative remedy by demanding the furnishing of written charges and the benefit of a hearing, Gauden immediately instituted an action in mandamus seeking, not Borough compliance with the Act's procedural requirements, but reinstatement and back pay. As our Supreme Court stated in *Valley Forge Racing Association, Inc. v. State Horse Racing Commission,* 449 Pa. 292, 295, 297 A.2d 823, 824-25 (1972),

> mandamus is an extraordinary writ which lies to compel the performance of a ministerial act or mandatory duty where there is a clear legal right in the plaintiff, a corresponding duty in the defendant, and *a want of any other appro-*

*priate and adequate remedy.* (Citation omitted.) (Emphasis added.)

Therefore when an appropriate and adequate statutory remedy exists it must be pursued and mandamus does not lie. *See Packler v. State Employes' Retirement Board,* 33 Pa. Commonwealth Ct. 452, 382 A.2d 158 (1978), *aff'd,* 487 Pa. 51, 408 A.2d 1091 (1979) (mandamus action dismissed because of failure to exhaust adequate and appropriate statutorily mandated administrative hearing and appeal process).

The Police Tenure Act clearly provides adequate procedures by which Gauden could have challenged the Borough's actions. *See Stull v. Robinson,* No. 1977-0977—Civil Division (C.P. Pa., filed April 24, 1978), *aff'd mem.,* 49 Pa. Commonwealth Ct. 96, 411 A.2d 270 (1980) (mandamus action for reinstatement to position of acting police chief was improper where no resort had been made to the administrative remedy available in the Police Tenure Act); *see also, Spaulding v. Township Supervisors,* 22 Cumb. L.J. 56 (C.P. Pa. 1972) (Police Tenure Act provided an adequate remedy thus rendering unavailable a former police chief's mandamus remedy where he sought reinstatement and back pay).

Although the instant mandamus action is inappropriate, Section 708(c) of the Judicial Code, 42 Pa. C. S. §708(c), precludes a simple affirmance of the trial court's dismissal of Gauden's complaint.[3] In

---

[3] Section 708(c) of the Judicial Code pertinently states:

If a complaint in the nature of . . . mandamus . . . is commenced in any court against a government unit . . . objecting to a governmental determination . . . where the proper mode of relief is an appeal from the determination of the government unit, this alone shall not be ground for dismissal, but the papers whereon the process against the government unit . . . was commenced shall be regarded and acted on as an appeal from such determination of the government unit and as if filed at the time such process was commenced.

594

light of Gauden's removal and the consequent appli-cability of the Police Tenure Act, we remand for additional proceedings and findings necessary to determine whether Gauden was properly discharged under the provisions of the Police Tenure Act.

Accordingly, we reverse the order of the common pleas court and remand for proceedings consistent with this Opinion.

### ORDER

AND Now, this 17th day of January, 1984, the order of the Court of Common Pleas of Washington County, dated October 5, 1982, is vacated and the matter is remanded for proceedings consistent with this Opinion.

Jurisdiction relinquished.