506 A.2d 1026

John Joseph Grabner, III, Appellant *v.* John Antoline, Mayor of the Borough of Monaca et al., Appellees.

Argued March 13, 1986, before Judges CRAIG and MACPHAIL, and Senior Judge BLATT, sitting as a panel of three.

252

*Allen N. Brunwasser,* for appellant.

*Richard Urick, Duplaga, Tocci, Palmieri, McMillen & Urick,* for appellees.

OPINION BY JUDGE CRAIG, April 4, 1986:

Appellant John Grabner, III, appeals from an order of the Court of Common Pleas of Beaver County dismissing his suit in mandamus to compel the mayor of the Borough of Monaca and the members of its council to institute disciplinary proceedings against the Monaca Chief of Police. The Superior Court, sua sponte, transferred the appeal of that order to this court by order dated April 12, 1985.

The appellant's complaint alleged that the chief of police had engaged in conduct unbecoming an officer. Specifically, the complaint alleged numerous incidents of assaultive behavior toward the appellant's wife and allegations of interfering with their marital relationship.

The mayor and council filed preliminary objections in the nature of a demurrer stating that the complaint failed to set forth a cause of action. The judge sustained those preliminary objections and dismissed the suit. We follow the reasoning of the memorandum opinion of Judge ROBERT C. REED and affirm the order.

A writ of mandamus is designed to compel the performance of a ministerial act or legal duty where there exists a clear legal right in the plaintiff, a corresponding duty in the defendant, and a lack of an adequate remedy at law. A court cannot grant a writ of mandamus to compel discretionary acts. *Bronson v. Board of Probation and Parole*, 491 Pa. 549, 554, 421 A.2d 1021, 1023 (1980). As Judge REED stated:

> The determinative issue in this case is whether the institution of disciplinary proceedings by the defendants against the Borough Chief of Police, is a discretionary or mandatory duty.

The supervision of borough police personnel matters is provided in 53 P.S. §46121, which states in pertinent part:

> Borough council *may*, subject to the civil service provisions of this act, . . . appoint and remove, or suspend, or reduce in rank, one or more suitable persons . . . as borough policemen. . . . (Emphasis added.)

The language of this Act indicates that the removal of a borough policeman is a discretionary act. As Judge REED correctly stated, there is "nothing in the Borough Code or elsewhere which requires either council or the Mayor to take any action whatsoever with respect to a complaint against a borough policeman."

As Judge REED determined, this case is analagous to *Bobich v. Fitzgerald*, 416 Pa. 588, 207 A.2d 878 (1965), where the Supreme Court held that—in accordance with similar language of the borough code then in ef-

fect—the appointment of policemen was discretionary with council and the court could not issue a writ of mandamus.

Finally, the appellant requested equitable relief to the extent that "the court decide how plaintiff is to proceed." We affirm Judge REED's decision that the complaint failed to state an equitable claim. Moreover, the appellant's request for relief to this court in the nature of an order telling the mayor and council to "do something like investigate or decide then what to do," and to "retain jurisdiction to both monitor what follows and make certain something does," are not legally cognizable requests for equitable relief, in view of their general and vague nature.

Accordingly, we affirm the order of the Court of Common Pleas of Beaver County.

## ORDER

Now, April 4, 1986, the order of the Court of Common Pleas of Beaver County, No. 266 of 184, dated January 10, 1985, is affirmed.