565 A.2d 198

**Thomas ALBRECHTA, Appellant,**

v.

**BOROUGH OF SHICKSHINNY and Borough Council Members, Peter Long, Patricia Kokora, Albert Williams, John Kost, John Thomas, Leon Hess and Joseph Noss, Appellees.**

Commonwealth Court of Pennsylvania.

Argued Sept. 12, 1989.

Decided Oct. 13, 1989.

Petition for Allowance of Appeal Denied May 25, 1990.

Thomas J. Carlyon, Bigelow, Carlyon, Lucadamo, Sidari, DeJoseph & McNelis, Hazelton, for appellant.

Joseph J. Prociak, Law offices of Moses, Gelso & Prociak, Wilkes Barre, for appellees.

Before CRAIG and DOYLE, JJ., and NARICK, Senior Judge.

CRAIG, Judge.

Thomas Albrechta appeals a decision of the Court of Common Pleas of Luzerne County which granted a motion for judgment on the pleadings in favor of the Borough of Shickshinny and the Shickshinny Borough Council and dismissed Albrechta's Complaint in Mandamus. We affirm Judge Cappellini's decision.

The relevant facts as established in the pleadings are as follows. The Shickshinny Borough police force, at all times

relevant to these proceedings, has been composed of fewer than three members. The borough council hired Albrechta as the fulltime Police Chief on or about September 25, 1986. At that time the Borough had not adopted a resolution or ordinance requiring the police chief to reside in the Borough; however, the Borough, in its answer to Albrechta's complaint, alleges that the Borough hired Albrechta on condition that he become a borough resident within one year of his appointment. On November 10, 1987, the council passed the following resolution:

> On motion by Mr. Thomas, seconded by Mr. Kokora, Council unanimously agreed to file and to serve Chief Albrechta with a statement of charges which could lead to his termination as police chief due to his refusal to relocate to the Borough. In the same motion Council unanimously, after a roll call vote, voted to suspend Chief Albrechta without pay effective November 13, 1987.

On or about November 13, 1987, borough manager, Donald Hargraves mailed to Albrechta a written statement of charges against him, which stated:

> The charge against you is that you have failed to comply with the Borough's residency requirement as embodied in the official job description for Police Chief adopted by the Borough and provided to you at the time you were hired. You have failed to take up residency in the borough in violation of the Borough's requirement contained in the job description and in violation of your promise that you would move into the Borough within one (1) year of the date of your hiring. In response to the Council's inquiry as to your intentions in this regard, you have stated in writing that you have no intention of taking up residency in the Borough. For this reason, it is proposed that you be terminated as Police Chief for failure to comply with the aforesaid residency requirement.
>
> Please be advised that you have a right to a public hearing with respect to these charges before the Borough Council. You were present at the aforesaid council meeting wherein council directed that the aforesaid charge be filed against you, and at that time you indicated that you

wanted a hearing. Therefore, please be advised that a public hearing has been scheduled for Wednesday, November 18, 1987, at 7:30 p.m. at the Shickshinny Municipal Building. At this public hearing, you may be represented by counsel if you so desire.

The borough council conducted a public hearing on December 2, 1987 on the charges against Albrechta. Albrechta appeared at the hearing with his attorney. The council, by a unanimous vote, terminated Albrechta at the conclusion of the hearing.

Albrechta did not appeal, but instead filed a complaint in mandamus with the common pleas court on March 7, 1988. The borough filed a motion for judgment on the pleadings which the trial court granted on September 14, 1988.

 The decision to grant relief in a mandamus action is within the sole discretion of the trial court. *Branchick v. Commonwealth, Department of Labor and Industry*, 496 Pa. 280, 436 A.2d 1182 (1981). Our scope of review is limited to a determination of whether, in reaching that decision, the trial court abused its discretion or erred in applying the law. *Cottone v. Kulis*, 74 Pa. Commonwealth Ct. 522, 460 A.2d 880 (1983). *Porter v. Board of Supervisors of North Franklin Township*, 82 Pa. Commonwealth Ct. 440, 474 A.2d 1241 (1984).

Albrechta argues that the trial court erred in granting judgment on the pleadings because mandamus is an appropriate remedy to compel the borough to provide him with the procedures described in the Local Agency Law, 2 Pa. C.S. §§ 551–555, §§ 751–754, which he asserts is applicable in his case. The borough argues that the Act of June 15, 1951, P.L. 586, §§ 1–5, *as amended*, 53 P.S. §§ 811–815, commonly known as the Police Tenure Act (Tenure Act) and the procedure described in that Act are applicable.

 Section 1121 of The Borough Code, Act of June 20, 1957, P.L. 351, *as amended*, 53 P.S. § 46121, provides the Borough Council with the discretionary authority to *initiate* an action to remove Albrechta from the police force. *Grabner v. Antoline*, 96 Pa. Commonwealth Ct. 251, 506 A.2d

1026 (1986). The provisions of that section of The Borough Code and the Tenure Act are not inconsistent. The Tenure Act applies to boroughs, such as Shickshinny, that have a police force of less than three members, and thus are not subject to the civil service provisions of The Borough Code [1]. Sections 2 and 4 of the Tenure Act, 53 P.S. §§ 812, 814, establish the procedures with which borough councils must comply in exercising their discretionary power to remove a police officer. *George v. Moore*, 394 Pa. 419, 147 A.2d 148 (1959).

■ The council clearly complied with the terms of the Tenure Act. The council supplied Albrechta with a statement of the charges on November 13, 1987, three days after the council had voted to dismiss Albrechta. Council then scheduled a public hearing for November 18, 1987, in accordance with the requirements of section 4 of the Tenure Act, 53 P.S. § 814. Section 5 of the Tenure Act, 53 P.S. § 815 provides dismissed officers with the right of an appeal to common pleas court.

■ As to the claim that the borough failed to follow the procedures of the Local Agency Law, we note that Section 4 of the Tenure Act is compatible with Section 5 of the Local Agency Law, 2 Pa.C.S. § 553; both sections require a hearing which the borough council held, according to paragraph 13 of the complaint. Council's compliance with the Tenure Act also constituted compliance with the Local Agency Law.

Albrechta also argues that, because the Tenure Act does not specifically allow dismissal for failure to comply with the residency requirement, the council contravened the Tenure Act substantively. We disagree.

Section 2 of the Tenure Act states in part:

No person employed as a regular full time police officer in any police department of.... any borough.... shall be suspended, removed or reduced in rank except for the following reasons: (1) physical or mental disability affecting his ability to continue in service....; (2) neglect or

1. Sections 1171–1195, *as amended,* 53 P.S. §§ 46171–46195.

violation of any official duty; (3) violating of any law....; (4) inefficiency, neglect, intemperance, disobedience of orders, or conduct unbecoming an officer; (5) intoxication while on duty. A person so employed shall not be removed for religious, racial or political reasons.

Although the borough relied upon a job description and hiring stipulation or promise for the residency requirement, rather than upon an ordinance, the matter arguably could fall within clause (4) of Section 2 of the Tenure Act, relating to disobedience of orders.

Moreover, even if Albrechta is correct in arguing that he did not violate any clause or aspect of Section 2 of the Tenure Act because the council never adopted the residency requirement in the form of a resolution or an ordinance, Albrechta's remedy nevertheless was to appeal the decision under Section 5 of the Tenure Act. A trial court, in considering an appeal under that section, may take additional evidence and make a de novo review of the case, thus affording a plaintiff a full and fair opportunity to establish his case. *Nuss v. Falls Township*, 89 Pa. Commonwealth Ct. 97, 491 A.2d 971 (1985).

In *Gauden v. Borough of Roscoe*, 79 Pa. Commonwealth Ct. 589, 470 A.2d 191 (1984), this court concluded that a trial court correctly dismissed a former police officer's mandamus action when the officer failed to avail himself of the Tenure Act's "adequate and appropriate administrative remedy". Similarly, in this case, Albrechta did not avail himself of the Tenure Act's statutory appeal provision. As recognized in *Gauden,* mandamus is appropriate only in cases in which there is no other appropriate remedy.

Of course, when a statutory appeal is required, pursuing mandamus is not necessarily fatal because 42 Pa.C.S. § 708(c) provides:

If a complaint in the nature of.... mandamus.... is commenced in any court against a government unit.... objecting to a governmental determination.... where the proper mode of relief is an appeal from the determination

of the government unit, this alone shall not be a ground for dismissal, but the papers whereon the process against the government unit.... was commenced shall be regarded and acted on as an appeal from such determination of the government unit and as if filed at the time such process was commenced.

Thus, the courts could treat this mandamus action as an effective appeal if the filing date of the mandamus action complied with the thirty-day time limit applied by 42 Pa.C.S. § 5571(b) to appeals to common pleas courts from municipal actions. However, because § 708(c) requires that the mandamus filing date be treated as the appeal filing date, and because this mandamus action was filed on March 7, 1988, more than thirty days after the council's decision of December 2, 1987, the courts cannot treat this proceeding as an effective appeal.

Accordingly, this court must affirm the judgment of the trial court.

## ORDER

Now, October 13 1989, the order of the Court of Common Pleas of Luzerne County dated September 14, 1988, at No. 1012–C of 1988 is affirmed.